IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN THE MATTER OF PHAN GLOBAL,        )
LLC, as owner and operator of the F/V )
Master Kingston, official no. 1044386, )     CIVIL ACTION NO. 12-0213-N
praying for exoneration from or       )
limitation of liability,              )

## ORDER

Claimant Amy Trang Ho filed a Motion to Dismiss (doc. 35) the claim she made on behalf of Thanh Thuy Nguyen *without prejudice*. Plaintiff-in-limitation has filed a Response (doc. 37), objecting to the dismissal being made without prejudice. In its Response, plaintiff explains that there are outstanding discovery requests seeking to explore Ms. Nguyen's relation to the decedent. The court ordered (doc. 39) claimants' attorney to certify notice to Ms. Nguyen and to file a Reply (doc. 44, and supplemental Reply doc. 45), setting forth Ms. Nguyen's position on the dismissal.

Claimant's counsel stated that "in spite of her best effort," Ms. Ho had never spoken with or otherwise contacted Ms. Nguyen concerning her claim, but that she filed the claim on Ms. Nguyen's behalf "out of an abundance of caution." Doc. 45 at 1-2. Claimant's counsel undertook to represent Ms. Nguyen without ever being expressly authorized to do so. In light of this disclosure, plaintiff-in-limitation has filed a Motion for Entry of Default (doc. 46) against Ms. Nguyen. The motion is premised on the failure of Ms. Nguyen to file a claim within the time allowed.

Neither motion seeks relief which would protect the due process rights of Ms. Nguyen in this action arising out of the death of Hung T. Nguyen, her possible father. The court is aware of no method by which claimants' counsel may purport to seek

"voluntary" dismissal of Ms. Nguyen's claim without ever having been in contact with Ms. Nguyen; further, there remain serious questions concerning counsel's authority to act on behalf of Ms. Nguyen, particularly to the prejudice of the claim it has filed on her behalf.  Further, Ms. Ho has not demonstrated the nature of her efforts to reach Ms. Nguyen, and there is no indication in the record what, if any, efforts claimants' counsel has made to do so, particularly in seeking answers to the discovery requests.  Thus, the court cannot find that any such efforts were reasonable or adequate.

It also appears that default is not appropriate on this record.  While it is true that plaintiff-in-limitation published notice as required by law, plaintiff's argument that Ms. Nguyen did not file a timely claim is not correct.  One was filed on her behalf.  If Ms. Nguyen had received notice of the limitation of liability action prior to the deadline, there would nonetheless have been no reason for her to file a claim once one was filed for her.  The court lacks a basis for entry of default consistent with the Fed.R.Civ.P. 55 or fundamental concepts of due process.

A putative claimant who has had a claim filed on her behalf would not receive automatic notice from the court of filings made in the case; the court can not assume notice to Ms. Nguyen of the Motion for Voluntary Dismissal or the Motion for Entry of Default.  Additionally, there is no basis for the court to find that Ms. Nguyen's inaction since that time or her failure to answer discovery requests of which she was unaware are proper basis for sanctions, which could include dismissal of her claim.

The procedural background of this case appears to the court to require actual notice of the action and the issues presented before this case can proceed against Ms. Nguyen or her claim can be dismissed with prejudice.  Assuming without deciding that

dismissal without prejudice might be possible, it would not provide the relief for which plaintiff-in-limitation filed this action.[1]

It does not appear that the record before the court would allow the relief sought in either pending motion.  Accordingly, it is hereby ORDERED that plaintiff's Motion for Voluntary Dismissal is DENIED and that defendant's Motion for Entry of Default is DENIED.

Claimants' counsel has undertaken to represent Ms. Nguyen in this action, but there remain issues concerning whether and how far their actions prejudicing her rights may be deemed binding on her.  In the absence of actual notice to Ms. Nguyen, or at least strong evidence that any such effort is futile, the court is aware of no dispositive action which may be taken concerning her claim.  The parties may seek a Stay of this action to allow counsel for the claimants to locate and contact Ms. Nguyen, so that she may be given actual notice of this action and the outstanding discovery requests, and the litigation of her claim may proceed.

DONE this the 28th day of December, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[1] If the claim were to be dismissed "without prejudice", Ms. Nguyen could nonetheless be prejudiced by a prior award from the fund created by the valuation of the vessel in this case; on the other hand, plaintiff-in-limitation would be prejudiced if it would be precluded from limiting its liability to the value of the vessel or if it were not allowed to consolidate the claims of all claimants in a single action.